999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael PALAFOX-SANDOVAL, Defendant-Appellant.
 No. 92-50741.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Palafox-Sandoval appeals his sentence of 29 months, imposed following his conviction by guilty plea for transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(b). Palafox-Sandoval claims the district court erred by departing upward three levels from the Guidelines range based on the large number of aliens and his dangerous and inhumane treatment of them. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We apply a three-part test to evaluate a district court's decision to depart from the presumptively applicable Guidelines range. United States v. Lira-Barazza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we determine de novo whether the district court identified an aggravating circumstance of a kind or to a degree not adequately taken into account by the Sentencing Commission. Id. at 746. Second, we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance. Id. Third, we review for abuse of discretion whether the extent of the departure was "unreasonable." Id. at 747.
 
 
 4
 Here, Palafox-Sandoval was convicted of transporting 38 illegal aliens over the Mexico-United States border in a U-Haul truck. One of his passengers was discovered on the floor of the truck's cab, and the other 37 were found in the cargo compartment.
 
 
 5
 The commentary to the 1991 version of the Guidelines reads, "[t]he Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." U.S.S.G. § 2K1.1, comment. (n. 8).[1] The district court departed upward three levels, analogizing the crime to operation of a common carrier under the influence of drugs or alcohol, illegally restraining a person to facilitate the commission of a crime, and aggravated assault.
 
 
 6
 There can be no doubt whether the 1991 Guidelines encompass offenses involving large numbers or dangerous treatment of aliens. The Application Notes explicitly recommend departures in such cases because the Commission did not consider these factors. Departure, therefore, was warranted. See Lira-Barraza, 941 F.2d at 746.
 
 
 7
 Palafox-Sandoval claimed he "didn't know there were so many people in the truck," but he did not pursue or support this claim before the district court. Moreover, two of his passengers told the probation officer that they had paid Palafox-Sandoval $200 to transport them to Los Angeles. In light of these statements, the district court's conclusion that Palafox-Sandoval knew the back of his U-Haul was filled with illegal passengers was not clearly erroneous. See id.
 
 
 8
 Palafox-Sandoval complains that the district court's analogies were flawed and did not justify the extent of the departure. We disagree. The district court likened transporting 38 passengers without seat belts in an unventilated cargeo compartment to operating a common carrier under the influence of alcohol or drugs because both offenses endanger a large number of passengers and subject them to similar risks. The analogy is apt. The latter offense carries a base offense level of 13 when no one is injured. The three-level departure in this case increased Palafox-Sandoval's offense level to ten. We conclude on this basis alone that the extent of the departure was reasonable. See Lira-Barraza, 941 F.2d at 751.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 By the time Palafox-Sandoval was sentenced, the Guidelines had been amended to mandate a four-level increase to the base offense level of a defendant who transported between 25 and 99 illegal aliens